UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| LUIS A. SERNA,<br><br>                    Plaintiff,<br><br>v.<br><br>COUNTY OF HENNEPIN,<br><br>                    Defendant. | Case No. 17-cv-5221 (PAM/LIB)<br><br><br>**REPORT AND RECOMMENDATION** |

    Plaintiff Luis A. Serna, a civil detainee at the Minnesota Sex Offender Program at Moose Lake, Minnesota, has filed a Complaint for violations of his constitutional rights under 42 U.S.C. § 1983. ([Docket No. 1]). He did not pay any filing fee for this case, but instead filed an Application seeking leave to proceed *in forma pauperis* ("IFP"). ([Dockets No. 2 and 3]).

    The matter comes before the undersigned upon Plaintiff's Application to Proceed *in forma pauperis*. However, "Federal [C]ourts have an independent duty to determine subject matter jurisdiction" and "[i]f the [C]ourt determines at any time that it lacks subject matter jurisdiction, the [C]ourt must dismiss the action." See, City of Kansas City, Mo. v. Tarco Co., Inc., 625 F.3d 1038, 1040 (8th Cir. 2010); Fed. R. Civ. P. 12(h)(3).

    In his Complaint, Plaintiff asserts that on January 19, 2001, he was civilly committed in Hennepin County Probate Court as a sexually dangerous person. ([Docket No. 1], 3). Plaintiff further alleges that employees of Defendant Hennepin County "filed, prosecuted, and successfully obtained the indefinite civil commitment of Plaintiff" based upon allegations of "'future' criminal sexual behavior" in violation of his due process rights under the Fifth and Fourteenth Amendments to the United States Constitution and in violation of his asserted "'Right

to [a] presumption of innocence.'" (Id.). Plaintiff identifies Defendant Hennepin County as "ultimately responsible for Plaintiff's civil commitment as complained," and he claims that Defendant Hennepin County "is solely liable to Plaintiff." (Id.). Plaintiff seeks declaratory relief that "Defendant['s] actions has [*sic*] violated Petitioner's Constitutional Due Process Right to the Presumption of Innocence," an award of compensatory monetary damages, and any further relief to which he is entitled. (Id. at 4).

A Court has the duty to liberally construe a pro se party's pleadings. Boldon v. Merrli & Kramer, P.A., 92 F. Supp. 3d 924, 929 (D. Minn. 2015) (citation omitted). This means "that if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." Jackson v. Nixon, 747 F.3d 537, 544 (8th Cir. 2014). However, even when liberally construing a pro se party's Complaint, "the Court may not supply additional facts or fashion a legal theory that assumes facts that have not been pleaded." See, Benjamin v. Experian Info. Sols., Inc., No. 14-cv-810 (JRT/JJG), 2014 WL 3509044, *2 (D. Minn. July 15, 2014) (citing Stone v. Harry, 364 F.3d 912, 913-15 (8th Cir. 2004)). "[P]ro se litigants are not excused from failing to comply with substantive and procedural law." Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir. 1984). "The need to establish the subject-matter jurisdiction of a federal court . . . is 'inflexible and without exception.'" Grover-Tsimi v. American Laser Centers, LLC, No. 9-cv-9279 (DSD/JJK), 2010 WL 550973, *1 (D. Minn. Feb. 9, 2010) (quoting Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 95 (1998)).

Even with these general rules in mind and liberally construing Plaintiff's Complaint, it is clear that this Court lacks subject matter jurisdiction over the present case.

The Rooker-Feldman doctrine "deprives federal courts of jurisdiction in 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the [Federal] district court proceedings commenced and inviting [Federal] district court review and rejection of those judgments.'" Banks v. Slay, 789 F.3d 919, 922 (8th Cir. 2015) (quoting Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005)). The Eighth Circuit has cautioned against construing the Rooker-Feldman doctrine too broadly and it has reminded federal district courts to determine "whether a federal plaintiff seeks relief from a state court judgment based on an allegedly erroneous decision by a state court—in which case the doctrine would apply—or seeks relief from the allegedly illegal act or omission of an adverse party." See, Caldwell v. DeWoskin, 831 F.3d 1005, 1008, (8th Cir. 2016) (citations omitted). However, in the present case, it is clear that Plaintiff is complaining of injury caused by his state-court commitment and asking this Court to review and reject his civil commitment.

Plaintiff was civilly committed in 2001 in Minnesota state court in Hennepin County. He complains that the Minnesota state court judgment committing him was obtained unconstitutionally and led to his wrongful confinement as a civil committee, and he asks the Court to issue declaratory judgment stating that his civil commitment was unconstitutionally obtained. (Compl., [Docket No. 1], 3-4). He calculates the compensatory damages he seeks upon the time from the date of commitment "until liberty is restored," which would necessitate a finding that the order of commitment is invalid. (Id.). Thus, although the Rooker-Feldman doctrine has a narrow application, the present suit is premised upon Plaintiff's allegation that his civil commitment was obtained unconstitutionally, leading to an erroneous order of commitment—it is precisely the sort of claim of which the Rooker-Feldman doctrine deprives the Court of subject-matter jurisdiction. See, Liedtke v. Runningen, No. 15-cv-3361 (JRT/HB),

3

2016 WL 5660455, *4 (D. Minn. Sept. 29, 2016) ("[W]hether the Dakota County Defendants followed proper procedure leading up to [Plaintiff's] civil commitment under state law is essentially a challenge to the commitment itself . . . . Thus, . . . the Court lacks subject matter jurisdiction under the Rooker-Feldman doctrine for any of [Plaintiff's] claims that sought to set aside her state court civil commitment orders or proceedings.").

Even assuming solely for the sake of argument that this Court has subject matter jurisdiction over Plaintiff's claims, the undersigned would nevertheless recommend dismissal of the present case under 28 U.S.C. § 1915(e)(2) which provides that in the case of any Plaintiff who is unable to afford counsel and proceeds *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal . . . (ii) fails to state a claim on which relief may be granted."

To state a claim to relief which is plausible, a Plaintiff must plead factual allegations in his or her Complaint sufficient to "raise a right to relief above the speculative level," which "requires more than labels and conclusions, and a formulistic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 556-57).

First, as to Plaintiff's request for declaratory relief, the undersigned notes that "in seeking declaratory relief, 'a plaintiff must be seeking more than a retrospective opinion that he was wrongly harmed by the defendant." Smith v. Roy, No. 10-cv-2193 (JRT/TNL), 2012 WL

4

1004985, *5 (D. Minn. Jan. 25, 2012), report and recommendation adopted by Smith v. Fabian, No. 10-cv-2193 (JRT/TNL), 2012 WL 1004982, *1 (D. Minn. Mar. 26, 2012) (citations omitted). Thus, to the extent that Plaintiff seeks declaratory relief stating that Defendants have violated Plaintiff's constitutional rights, Plaintiff has not requested relief which may be granted.

Plaintiff also seeks monetary compensatory damages, but his claim is barred by Heck v. Humphrey, 512 U.S. 477 (1994). Pursuant to Heck, "a state prisoner's claim for damages in not cognizable under 42 U.S.C. § 1983 if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence,' unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated." Edwards v. Balisok, 520 U.S. 641, 643 (1997) (quoting Heck, 512 U.S. at 487). The fact that Plaintiff is civilly committed and therefore is not a prisoner does not render Heck inapplicable. See, Karsjens v. Piper, 845 F.3d 394, 406 (8th Cir. 2017) (citing Huftile v. Miccio-Fonseca, 410 F.3d 1136, 1140 (9th Cir. 2005), which "not[ed] Heck applies to civilly committed persons as well as prisoners").

Again, Plaintiff in the present case seeks judgment from this Court that his constitutional rights were violated during the proceedings which ultimately concluded in his state-court civil commitment. In order to so find, this Court would necessarily have to imply the invalidity of Plaintiff's commitment, and Plaintiff has not demonstrated—or even asserted—that his commitment has been invalidated. "Even when a plaintiff demands only money damages, he cannot bring a non-habeas civil action that would call into question the lawfulness of his detention." Sheldon v. Hundley, 83 F.3d 231, 233 (8th Cir. 1996).

Because Plaintiff's sole claim would call into question the lawfulness of his civil commitment and subsequent detention, his sole claim is barred by Heck. See, Liedtke, 2016 WL 5660455, at *8 n.6 ("[T]o the extent [Plaintiff] brings a § 1983 claim under the [theory that she

5

had unconstitutionally ineffective assistance of counsel during the civil commitment process], it would fail as premature under Heck v. Humphrey").

Accordingly, Plaintiff's Complaint fails to state a claim upon which relief can be granted, and therefore, even if the Court has subject matter jurisdiction over Plaintiff's claim, the undersigned nevertheless recommends that the Court summarily dismiss the present action under 28 U.S.C. 1915(e)(2).

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This action be **SUMMARILY DISMISSED WITHOUT PREJUDICE**.[1]

2. The remaining pending motions[2] of Plaintiff Luis A. Serna, [Dockets No. 2, 3, 4, and 5], be **DENIED AS MOOT.**


Dated:  January 23, 2018                             s/Leo I. Brisbois
                                                     LEO I. BRISBOIS
                                                     U.S. Magistrate Judge

---

[1] "A district court is generally barred from dismissing a case with prejudice if it concludes subject matter jurisdiction is absent." County of Mille Lacs v. Benjamin, 361 F.3d 460, 464 (8th Cir. 2004); See, also, MSK EyEs Ltd. v. Wells Fargo Bank, Natl. Ass'n, 546 F.3d 533, n.3 (8th Cir. 2008) (finding the district court erred when it dismissed with prejudice claims over which it had no subject matter jurisdiction under the Rooker-Feldman doctrine).

[2] Plaintiff's Motion to Proceed in Forma Pauperis, [Docket No. 2], Plaintiff's "Application to Proceed in District Court without Prepaying Fees or Costs, [Docket No. 3]; Plaintiff's Motion for the Appointment of Counsel, [Docket No. 4]; and Plaintiff's Motion for Order Directing United States Marshal to Serve Complaint upon Defendant Hennepin County, [Docket No. 5].

**N O T I C E**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendation within 14 days after being served with a copy of the recommended disposition[.]" A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).