# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Luis A. Serna,                                    Civ. No. 17-5221 (PAM/LIB)

        Plaintiff,

v.                                                **MEMORANDUM AND ORDER**

County of Hennepin,

        Defendant.

---

This matter is before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge Leo Brisbois dated January 23, 2018.  (Docket No. 6.)  In the R&R, Magistrate Judge Brisbois recommends summarily dismissing this matter without prejudice.  Plaintiff Luis Serna timely objected to the R&R.  (Docket No. 7).

This Court must review de novo any portion of an R&R to which specific objections are made.  28 U.S.C. § 636(b)(1); D. Minn. L.R. 72.2(b).  The R&R concluded that the Rooker-Feldman doctrine deprives the Court of subject-matter jurisdiction over this case because it "is premised upon Plaintiff's allegation that his civil commitment was obtained unconstitutionally."  (R&R at 3 (citing Liedtke v. Runningen, No. 15-cv-3361, 2016 WL 5660455, at *4 (D. Minn. Sept. 29, 2016) (Tunheim, C.J.)).  The R&R also concluded that dismissal is appropriate because Serna is proceeding in forma pauperis, and his Complaint fails to state a valid claim of relief.  (R&R at 4.)  After conducting the required review and for the following reasons, the Court adopts the R&R.

First, Serna appears to argue that the R&R improperly applied Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), which he believes is not applicable because his "Complaint has no conspiracy component." (Obj. at 3.) But the pleading standard articulated in Twombly applies to "all civil actions." Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (quotation omitted). The R&R did not err by referencing Twombly.

Serna next argues that his civil commitment is based on alleged future criminal conduct, which violates his constitutional right to the presumption of innocence. The R&R addressed this argument and found that the Court lacked subject-matter jurisdiction under Rooker-Feldman doctrine, because "Plaintiff [is] complaining of injury caused by his state-court commitment and asking this Court to review and reject his civil commitment." (R&R at 3.) The Court agrees that Serna's argument "is essentially a challenge to the commitment itself" because it relates to whether the County "followed proper procedure leading up to [Serna]'s civil commitment." Liedtke, 2016 WL 5660455, at *4. Serna also contends that the Rooker-Feldman doctrine does not apply because he "did not raise this cause of action in state court." (Obj. at 6.) But Serna's failure to raise his constitutional claims before the state court does not give this Court jurisdiction to consider them now. See Mosby v. Ligon, 418 F.3d 927, 932 (8th Cir. 2005). The Rooker-Feldman doctrine applies, and the R&R did not err on this basis.

Finally, Serna argues that the R&R erred in concluding that he was not entitled to declaratory judgment and punitive damages. (Obj. at 7.) Serna believes that a favorable outcome here would not imply the invalidity of his civil commitment, because he only seeks a declaration that he is entitled to the presumption of innocence. (See Compl.

(Docket No. 1) at 4.)  But he also seeks $1,000,000 in damages for every year that he has been allegedly wrongfully confined.  (Id.)  As the R&R noted, Serna's request for damages improperly "impl[ies] the invalidity of his conviction or sentence."  (R&R at 5 (quoting Heck v. Humphrey, 512 U.S. 477, 487 (1994)).  And the Court does not have jurisdiction to consider that issue.  Thus, Serna must "demonstrate that [his] conviction or sentence has already been invalidated" before he can bring a claim for damages under § 1983.  Heck, 512 U.S. at 487.  The R&R properly concluded that the Complaint fails to state a claim on which relief can be granted.

Because the Court agrees with the R&R that the Court lacks subject-matter jurisdiction under the Rooker-Feldman doctrine and that Serna fails to state a valid claim, the Complaint must be dismissed.  Accordingly, **IT IS HEREBY ORDERED that**:

1.    The R&R (Docket No. 6) is **ADOPTED**;

2.    The Objection (Docket No. 7) is **OVERRULED**; and

3.    The Complaint (Docket No. 1) is **DISMISSED without prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: March 23, 2018

_s/ Paul A. Magnuson_

Paul A. Magnuson
United States District Court Judge